**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-31158**

_____

**CHARLES GREGORY PARKER, on behalf of Crystal Parker,**
**on behalf of Lance Parker; CYNTHIA OLIVER PARKER,**
**on behalf of Crystal Parker, on behalf of Lance Parker,**

                              Plaintiffs - Intervenor Defendants
                                    Appellees - Cross-Appellants,

                    **versus**

            **INTERNATIONAL PAPER COMPANY,**

                              Defendant - Intervenor Defendant
                                    Appellant - Cross-Appellee,

                    **versus**

        **SINCO CONSTRUCTION SERVICES, INC.,**

                              Defendant - Intervenor Plaintiff
                                    Appellee - Cross-Appellant,

        **NATIONAL UNION FIRE INSURANCE COMPANY,**

                              Intervenor - Plaintiff - Appellant.


_____

Appeal from the United States District Court for
        the Western District of Louisiana

                    (91-CV-1737)
_____

                October 22, 1996


Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this diversity jurisdiction case, 28 U.S.C. § 1332, Plaintiff/Intervenor Defendant/Appellant/Cross-Appellee Charles Parker ("Parker")[1] brought suit alleging that he suffered an inhalation injury as a result of exposure to extreme heat and chemical irritants while employed by Defendant/Intervenor Plaintiff/Appellee/Cross-Appellant Sinco Construction Co. ("Sinco"). Sinco had been contracted by Defendant/Appellant/Intervenor Defendant/Cross-Appellee International Paper Company ("IP") to hang debris nets along the ceiling of its paper mill plant in Pineville, Louisiana.

Parker sued both Sinco and IP alleging that he was injured while hanging these nets. Parker's wife and children filed claims for loss of consortium. Sinco and its workers compensation insurer, National Union Fire Insurance Company ("National Union") filed a cross-claim and intervention, respectively, against IP to recover worker's compensation benefits and medical benefits which they had provided to Parker. IP, in turn, filed a cross-claim against Sinco alleging that Sinco was contractually obligated to indemnify IP for any injuries caused by Sinco's's negligence.

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Plaintiffs Charles Gregory Parker and Cynthia Oliver Parker brought suit in their individual capacities, as well as on behalf of the minor children Lance Parker and Crystal Parker. For simplicity, we will collectively refer to Plaintiffs as "Parker."

2

During the jury trial, Plaintiffs voluntarily dismissed their claims against Sinco. The district court granted Sinco's motion for judgment as a matter of law as to IP's contractual indemnification claim. On April 11, 1995, the jury returned a verdict in favor of Parker finding IP to be at fault for Parker's injuries. The jury also found that Parker was 50% contributorily negligent.

On August 8, 1995, based upon the jury's verdict, the district court entered the following judgment awards against IP: for Sinco in the amount of $60,004.50; for Gregory Parker in the amount of $508,484.08; and for Gregory Parker and Cynthia Parker on behalf of their minor children in the amount of $10,000 per child.

Various post-judgment motions were entered by Parker, IP, and Sinco, including IP and Parkers' respective motions for judgment as a matter of law and for new trial, and Sinco's motion to amend the judgment. By written order entered on October 5, 1995, the district court denied all of the parties' motions.

On appeal, International Paper argues, inter alia, that the district court erred in denying its motion for judgment as a matter of law or for new trial. Specifically, IP asserts that it was entitled to raise the statutory employer affirmative defense at trial; that the evidence does not support the jury's verdict; that the district court erred in dismissing IP's third party claim against Sinco; and that IP was not liable to Sinco for worker's compensation payments and legal fees. On cross-appeal, Parker and

3

Sinco challenge the sufficiency of the evidence pertaining to the jury's finding that Parker was 50% contributorily negligent.

We have carefully reviewed the briefs, the reply briefs, the record excerpts, and relevant portions of the record itself. We are satisfied that the district court's various orders denying the parties' respective motions for judgment as a matter of law, for new trial, and to amend the pleadings, are not in error. The judgment of the district court is, in all things,

**AFFIRMED.**

4